HUNTER, Judge.
Upon defendant's guilty plea to robbery with a dangerous weapon, the trial court entered judgment sentencing him as a Prior Record Level V to an active term of 133 to 169 months imprisonment. By order entered 20 February 2004, this Court issued a writ of certiorari "for the purpose of reviewing [defendant]'s prior record level" pursuant to N.C. Gen. Stat. § 15A-1444(a1) and (a2) (2003).
Defendant now argues that the sentencing worksheet introduced by the State at his plea hearing was insufficient to prove his prior convictions listed thereon by a preponderance of the evidence as required by N.C. Gen. Stat. § 15A-1340.14(f) (2003). He notes that several of the listed offenses lack a corresponding file number from the trial court.
"There is no question that a worksheet, prepared and submitted by the State, purporting to list a defendant's prior convictions is, without more, insufficient to satisfy the State's burden in establishing proof of prior convictions." State v. Eubanks, 151 N.C. App. 499, 505, 565 S.E.2d 738, 742 (2002) (citing State v. Hanton, 140 N.C. App. 679, 689, 540 S.E.2d 376, 382 (2000)). Under N.C. Gen. Stat. § 15A-1340.14(f)(1), however, the existence of a defendant's prior convictions may be proven by stipulation of the parties. In State v. Eubanks, we held that a defendant's statement that he has no objections to a prior level worksheet submitted by the prosecution was sufficient "as a stipulation by defendant that he had been convicted of the charges listed on the worksheet." Eubanks, 151 N.C. App. at 506, 565 S.E.2d at 743.
The transcript of defendant's plea hearing reflects the following argument by his counsel related to the State's sentencing worksheet:
[DEFENSE COUNSEL]: Yes, sir. Your Honor, we would point out to the Court, [the prosecutor] has made a great deal of the [1997] bank robbery conviction. That put six points on [defendant's] record and has raised him a level, and we think that that is not an aggravating factor. It's just part of the record sentencing scheme that the State uses to put him in the level that he is in at this point in time. So we would contend that that is not a factor that should be considered by the Court other than because it puts him in Level V rather than in Level IV.
Defense counsel then pointed the court to "the remainder of his record" and argued that "it is all misdemeanor simple things[.]" Moreover, after presenting several mitigating factors for the court's consideration, counsel stated, "[W]e would ask the Court to go into the mitigated range. I think the presumptive range is 107 to 133 [months]. The mitigated range is 80 to 107." The sentencing ranges cited by defense counsel correspond to those for a Class D felony and Prior Record Level V. N.C. Gen. Stat. § 15A-1340.17(c), (e) (2003). Finally, prior to announcing defendant's sentence, the trial court verified with defense counsel his position on the accuracy of the sentencing worksheet, as follows:
[COURT:] The work sheet as has been referenced indicates 17 prior record points for a prior record level of 5 and you concur with that. I believe reference has been made to that.
[DEFENSE COUNSEL]: Yes, sir.
We believe defense counsel's statements to the trial court at sentencing constitute a stipulation to the prior convictions listed on the sentencing worksheet. Both counsel's request for sentencing as a Prior Record Level V, see State v. Morgan, ___ N.C. App. ___, ___, 595 S.E.2d 804, 809 (2004), and his affirmation to the trial court that he agreed with the seventeen prior record points and Prior Record Level V reflected on the sentencing worksheet, see State v. Johnson, ___ N.C. App. ___, ___, 595 S.E.2d 176, 189 (2004), are sufficient to establish the existence of the listed prior convictions under N.C. Gen. Stat. § 15A-1340.14(f)(1). See Eubanks, 151 N.C. App. at 505-06, 565 S.E.2d at 742-43; see also State v. Hanton, 140 N.C. App. at 690, 540 S.E.2d at 383. We note defendant does not challenge the number of prior record points assigned to the convictions. Accordingly, we overrule his assignment of error and affirm the judgment of the trial court.
Affirmed.
Judges ELMORE and STEELMAN concur.
Report per Rule 30(e).